# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**MICHELLE HAAHR,**                 CASE NO. 3:23 CV 2159

    Plaintiff,

    v.                                     JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                 **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Michelle Haahr seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jonathan D. Greenberg for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Greenberg recommends this Court affirm the Commissioner's final decision. (Doc. 9). Plaintiff filed objections to the R&R (Doc. 10), and the Commissioner filed a response thereto (Doc. 11). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R's conclusion, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

The R&R thoroughly sets forth the procedural background of this case. *See* Doc. 9, at 1-2. At issue in the present case is an administrative law judge's ("ALJ's") August 23, 2023, decision finding Plaintiff not disabled. (Tr. 3213-38).

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises a single objection to the R&R, which is largely a restatement of her original challenge to the ALJ's decision. Specifically, she argues the "ALJ limited [her] to *occasional* interactions with supervisors" without providing logical reasons for "conflict[ing] with" the state agency psychologists' opinions that she be limited to "*superficial* interactions" with supervisors. (Doc. 6, at 16) (emphasis added).

At both the initial and reconsideration stages, the state agency psychologists opined Plaintiff was "moderately limited" in her ability to interact appropriately with the public, accept

---

[1]. Neither party objects Judge Greenberg's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Greenberg.

2

instructions and respond to supervisor criticism, and get along with coworkers without causing distractions or exhibiting "behavioral extremes." (Tr. 130, 147, 166, 183). The state agency psychologists additionally opined Plaintiff was "capable of intermittent and superficial social interaction[.]" *Id.*

The ALJ's RFC limited Plaintiff in the following manner:

[She] can understand, remember, and carry out simple instructions, and perform simple routine tasks, but not a production rate pace such as required working on an assembly line or conveyor belt. She can make judgments on simple work and respond appropriately to usual work situations and changes in a routine work setting with few and expected changes, can interact occasionally with supervisors and occasionally and superficially with coworkers and never with the public[.] [S]uperficial defined as . . . able to be in proximity of others, able to exchange greetings, and able to engage in discussions that do not require persuasion or involve tandem tasks.

(Tr. 3223).[2]

Plaintiff acknowledges the ALJ accounted for a superficial interaction limitation with coworkers and the general public (with the "no interaction" limitation) but asserts the ALJ (and the Magistrate Judge) deviated from such opinions regarding interaction levels with supervisors without explanation (Doc. 10, at 2). Plaintiff contends this failure to explain is in violation of SSR 96-8p.

An ALJ is not required to adopt all limitations opined by a state agency's psychologist in formulating an RFC. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). However, if the RFC conflicts with a medical opinion the ALJ "must explain why the opinion was not adopted." *Kinney v. Comm'r of Soc. Sec.*, 2024 WL 2273365, at *3 (6th Cir.) (citing SSR 96-8p). The ALJ's decision must say enough "to allow the [] court to trace the path of his reasoning."

---

2. The RFC also contained physical limitations which are not at issue here.

*Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).

Plaintiff contends the ALJ did not include an explanation for the omission of the "superficial" interaction limitation with supervisors, which was a deviation from the state agency psychologists' opinions. (Doc. 10, at 2). In the instant case, after summarizing the state agency psychologists' opinion that included Plaintiff "was capable of intermittent and superficial social interaction[,]" the ALJ explained:

> The State agency psychological consultants reviewed the claim at the initial and reconsideration level, and they opined that the claimant was capable of four to five step tasks, which did not require extended periods of concentration to complete, and that offer flexibility from strict reproduction demands. Additionally, they opined that she was capable of intermittent and superficial social interaction, in a static work environment where there were no fast-paced production demands, and the claimant could receive assistance and guidance as needed to complete tasks. I have considered these opinions and gives [sic] them some weight. The opinion that the claimant could receive assistance and guidance "as needed" is not supported by the evidence in the file as this term is vague, and not defined vocationally. Moreover, treatment records from Christopher Kalb, CNP, generally noted that the claimant had a linear thought process and fair concentration. In April 2018, Dr. Brickner saw the claimant and found that she had intact concentration, and a linear thought process. This suggests that the claimant would not require assistance and guidance on a regular basis. However, given this claimant's attention and concentration was described as "fair," I find that this supports greater limitations on her ability to complete tasks. I have accounted for this by limiting the claimant to simple instructions, and simple, routine tasks.

(Tr. 3235) (internal record citations omitted). The ALJ noted the underlying medical opinions in this case and showed consideration thereof.

On *de novo* review, the Court agrees with the R&R's dispositive conclusion that the ALJ's RFC is supported by substantial evidence and the ALJ's opinion – read with level-headedness and as a whole – is supported by substantial evidence and adequately addresses and accounts for the state agency psychologists' opinions. *See Buckhanon ex rel. J. H. v. Astrue*, 368 F. App'x 674,

4

678-79 (7th Cir. 2010) (observing that the ALJ's rationale need not come in "tidy packaging" and that courts must "read the ALJ's decision as a whole and with common sense").

First, unlike the R&R, this Court has previously found, and agrees with Plaintiff that "superficial" and "occasional" social interaction limitations have a meaningful difference. *See, e.g.*, *Buck v. Comm'r of Soc. Sec.*, 2023 WL 3978288, at *2 (N.D. Ohio) ("'occasional' and 'superficial' are not synonymous; nor is 'occasional' inclusive of 'superficial.' Rather, 'occasional' refers to the quantity of interactions, while 'superficial' refers to the quality of interactions") (quoting R&R). However, because the Court adopts the dispositive analysis in the R&R, in which the ALJ provided a substantially supported rationale for not including the "superficial" limitation with supervisors in its entirety (and the ALJ's mental RFC is supported by substantial evidence), it need not reach this issue and therefore does not adopt this discussion in the R&R.³

---

3. As this Court previously noted in regarding the argument that *Reeves* holds that there is no difference between a limitation to "occasional" versus "superficial" contact:

> In *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267 (6th Cir. 2015), the court upheld a decision by an ALJ who afforded great weight to the opinions of the state agency psychologists. The psychologists opined that plaintiff was limited to "superficial" contact, but the RFC limited plaintiff to "occasional" contact with the public. The court determined that the ALJ did not err. The vast majority of district courts, and at least one decision from the Appeals Council, have concluded that the terms "superficial" and "occasional" have different meanings. And, some courts within this Circuit have distinguished *Reeves*, finding that the issue was not squarely before the Court. *See*, *Cooper v. Comm'r of Soc. Sec.*, 2018 WL 6287996 (S.D. Ohio Dec. 3, 2018); *Holmes v. Saul*, 2020 WL 6747750 (N.D. Ohio Oct. 26, 2020).

*Duma-Quigley v. Comm'r of Soc. Sec.*, 2023 WL 3016861, at *5 n.2 (N.D. Ohio) (quoting *Cox v. Comm'r of Soc. Sec.*, 2022 WL 4102741, at *3 (N.D. Ohio)); *see also Perrine v. Berryhill*, 2019 WL 1331597, at *8 (N.D. Ohio) ("The terms 'occasional' and 'superficial' are not interchangeable. *Lindsey v. Comm'r of Soc. Sec.*, 2018 WL 6257432, at *4 (S.D. Ohio) ("'Occasional Contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.").").

Second, when reading the ALJ's decision as a whole with common sense, the Court finds the RFC – including its omission of a limitation to superficial interaction to supervisors – is adequately explained and supported by substantial evidence. The ALJ only gave the state agency "some weight" and "[e]ven where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Reeves*, 618 F. App'x at 275; *see also Smith v. Comm'r of Soc. Sec.*, 2014 U.S. App. LEXIS 25221, at *4 (6th Cir.) ("While Smith contends otherwise, there is no requirement that an ALJ adopt the entirety of a state expert opinion, even if affording it significant weight, or that the ALJ provide an explanation for why certain limitations proposed by the expert were not incorporated into his residual functional capacity assessment."). As the R&R points out, ALJ's opinion found Plaintiff had only a "mild" limitation in her ability to interact with others. (Doc. 9, at 22) (citing Tr. 3222). The ALJ also considered Plaintiff's statements that she "had difficulty around people other than family, and she had problems leaving her house[,]" but found those "not entirely consistent with the evidence in the file." (Tr. 3232). The ALJ further analyzed Dr. Wuebker's consultative examination of Plaintiff, which included an observation that Plaintiff "exhibited no attitudes or behaviors to suggest difficulty getting along with co-workers and supervisors." (Tr. 3234) (citing Tr. 909); *see also* Tr. 909 ("Though preferring to stay to herself, Ms. Haahr noted no problems interacting with others at work. She related cooperatively with this examiner. She exhibited no attitudes or behaviors that would suggest difficulty getting along with co-workers and supervisors."). After an analysis of this opinion, the ALJ said he had "accounted for these opinions in the above [RFC]." (Tr. 3234). Taking the opinion as a whole, the Court finds, to the extent the ALJ omitted the state

6

agency physicians' "superficial" interaction limitation with respect to supervisors, it is adequately explained and supported.[4]

Plaintiff attempts to analogize her case to *Kinney v. Comm'r of Soc. Sec.*, 2024 WL 2273365 (6th Cir.). (Doc. 10, at 4-5). In *Kinney*, the Sixth Circuit reversed a decision by an ALJ that found a medical opinion "consistent with and supported by the record as a whole" and "persuasive," but a limitation contained therein requiring flexible breaks was omitted without explanation. *Kinney*, 2024 WL 2273365, at *5. The court determined that "although the ALJ was not required to incorporate the flexible break scheduling limitation, the failure to do so without explaining its omission warrant[ed] reversal" given the ALJ found the medical examiner's opinion persuasive. *Id.* at *9. By contrast, here the ALJ did not state he found the medical opinion persuasive, but only assigned it "some weight." The Court finds *Kinney* does not dictate a different outcome here.

---

4. Moreover, the combination of restrictions the ALJ put on Plaintiff's mental RFC supports the fact that the RFC – as a whole – is supported by substantial evidence and arguably accounts for any superficial interaction limitation as to supervisors. As the Tenth Circuit explained in adopting a similar rationale:

> [T]he ALJ did not use the word "superficially" in describing Carver's ability to interact with supervisors. But in our opinion, the ALJ sufficiently captured the essence of the Section III functional limitations by stating that Carver could "understand, remember, and carry out simple instructions in a work-related setting" and could "interact with co-workers and supervisors, under routine supervision." *Id.* at 29. Interacting with supervisors in the course of routine supervision over simple work is tantamount to the "superficial" interaction typically encountered in jobs involving such work. To conclude otherwise would parse the ALJ's language too finely.

*Carver v. Colvin*, 600 F. App'x 616, 620 (10th Cir. 2015). The ALJ in this case similarly limited Plaintiff to "simple instructions[,]" "simple routine tasks[,]" "simple work[,]" and a "routine work setting with few and expected changes." (Tr. 3223).

7

**CONCLUSION**

For the foregoing reasons, Plaintiff's objections are OVERRULED, the conclusion of Judge Greenberg's R&R – that the Commissioner's decision should be affirmed (Doc. 9) – is ADOPTED as supplemented and modified herein, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2024